IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**FATIMA BAHALLAH FISHER**            *

　　v.                             *   CIVIL CASE NO.  SAG-25-02265

**ANCHOR BUICK GMC,** *et al.*

*********

**MEMORANDUM OPINION**

In this case, Plaintiff Fatima-Bahallah Fisher ("Ms. Fisher") has filed an Amended Complaint asserting a variety of claims related to the attempted purchase of a 2025 Hummer EV 3X ("the Vehicle"). ECF 13. Two motions to dismiss, filed by Defendants Anchor Buick GMC and Americredit/GM Financial, respectively, ECF 25 and 15, are currently pending, as is a motion for leave to file surreply filed by Ms. Fisher, ECF 22. Ms. Fisher opposed both of Defendants' motions, ECF 18 and 28, and GM Financial filed a reply, ECF 20. This Court has reviewed all of the filings and has determined that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated herein, Plaintiff's motion to file surreply, ECF 22, will be granted and both motions to dismiss, ECF 25 and 15, will also be granted.[1]

**Factual and Procedural Background**

When this case was filed, the Complaint listed the Fatima Baha Alla Fisher Trust ("the Trust") as the attempted purchaser of the Vehicle and attached a series of exhibits also listing the Trust as the purchaser. *See*, *e.g.*, ECF 1-7. Following this Court's determination that the case should be stayed for the trust to obtain counsel, Plaintiff sought and obtained leave to file an Amended Complaint. In the Amended Complaint, she asserts claims as an individual self-

---

[1] This Court notes that Ms. Fisher has not paid the filing fee for this case. In light of this Court's disposition of this case, it will proceed to the merits.

represented plaintiff. ECF 13.

The Amended Complaint alleges the following facts: On May 30, 2025, Plaintiff "executed and tendered" what she now describes as a "Bonded Promissory Note/Negotiable Instrument"[2] to Anchor Buick GMC to purchase the Vehicle ("the Fisher Writing"). ECF 13 ¶ 5. The Fisher Writing, which is intrinsic to the Complaint and attached to the original Complaint at ECF 1-6, clarifies in all capital letters that the entity tendering the instrument is the "FATIMA BAHA ALLAH FISHER TRUST©," which is "a transmitting utility entity created by the United States and is distinct from the living woman issuing this instrument as trustee of the Creditor trust." ECF 1-6. The Fisher Writing states that it is tendered to Anchor Buick GMC "in full accord and satisfaction of the referenced account/claim" in the principal amount of $126,283.70. *Id.*

In contrast, the Retail Purchase Agreement, which is also intrinsic to the Complaint and attached to the original Complaint at ECF 1-7, provides that the "Cash Price of Vehicle" is $121,095.00 before associated fees.

Ms. Fisher alleges that "Defendants accepted the instrument, completed temporary registration, transferred ownership documentation in to GMC on Fatima-Bahallah Fisher's name, then unlawfully withheld delivery of the vehicle, retained the instrument and contacted law enforcement against Fatima-Bahallah Fisher." ECF 13 ¶ 6. She attaches a June 4, 2025 letter from GM Financial (presumably the basis of her claims against that entity) that reads, "After reviewing the information you provided, we determined the documentation submitted isn't recognized as legal tender by the U.S. Government, the Federal Reserve and the Internal Revenue Service. Therefore, it's not an acceptable method of payment." ECF 1-2.

Ms. Fisher alleges that Defendant's actions constitute breach of contract, conversion of property, violation of (unspecified) consumer protection law, and fraudulent misrepresentation.

---

[2] This Court notes that the caption of the "Bonded Promissory Note" specifically states that it is "Non-Negotiable." ECF 1-6.

**Analysis**

There are several fundamental deficiencies with Ms. Fisher's claims that preclude her relief. First, the fundamental problems underlying Ms. Fisher's original complaint have not been corrected by the Amended Complaint. The Retail Purchase Agreement is in the name of the Fatima Bahalla Fisher Trust, not Ms. Fisher herself. ECF 1-7. And the Fisher Writing makes clear that the promissory note is tendered by the Trust, not the "living woman issuing this instrument as trustee." ECF 1-6. Any contractual agreement that was formed (and Defendants contest whether any was formed) would be between the Trust and Anchor Buick. Ms. Fisher therefore lacks standing to assert a breach of contract claim in her personal capacity and, as this Court has already ruled, is not able to represent the Trust because she is not an attorney. Her related claims, such as conversion, also relate (as she herself alleges) to "attempts to convert Plaintiff's trust property," ECF 13 ¶ 8, not to her as an individual.[3] She simply cannot assert claims as "Trustee and Beneficiary of the Fatima Baha Allah Fisher Trust" without an attorney to represent that entity.

More importantly, however, the basic legal premise of her claims is flawed, because Defendants did not accept, and had no duty to accept, the Fisher Writing as payment for the Vehicle. The Retail Purchase Agreement sets forth the "CASH PRICE" of the vehicle. ECF 1-7. Whether or not the Fisher Writing constituted a negotiable instrument (and, again, Defendants vehemently argue it did not), businesses are not required, by the Uniform Commercial Code or anything else, to accept any and all negotiable instruments as payment. Some businesses do not accept personal checks. Others accept no checks at all. And checks are a far more widely recognized form of payment than the writing offered by the Trust. Simply writing in a document that it must be accepted under UCC provisions does not make it so.

---

[3] Ms. Fisher has not specifically alleged what "trust property" Defendants converted. To the extent she is referring to retention of the Fisher Writing, she has not alleged that it has any independent value to Defendants or to the Trust. In fact, Defendants' assessment that it had no value led to the decision not to deliver the Vehicle.

Indeed, the Fisher Writing is rife with the type of legal terms and theories that have been deemed factually frivolous by multiple courts in similar contexts. *See, e.g.*, *Johnson, Tr. for MMJ Enter. Foreign Express Tr. v. Credit Acceptance Corp.*, C/A No.: 3:25-6163-JFA-SVH, 2025 WL 2585515, at *4 (D.S.C. July 3, 2025) (finding frivolous and subject to summary dismissal plaintiff's assertion that her credit balance could be paid by a "Trust Remittance Voucher-Accepted for Value" without "any legal tender, such as cash, a check, or money order to satisfy the balance owed"); *Bryant v. Washington Mut. Bank*, 524 F. Supp. 2d 753, 760 (W.D. Va. 2007), *aff'd*, 282 F. App'x 260 (4th Cir. 2008) (determining that plaintiff's "Bill of Exchange" purportedly payable by the Treasury was a "worthless piece of paper" that did not satisfy her mortgage payment). The preparation of a written paper with legalese and a stamp does not transform that paper into the equivalent of cash. And the Retail Purchase Agreement required payment of a cash price for the Vehicle. Accordingly, Ms. Fisher's claims are frivolous, independently warranting dismissal of her claims.

For the foregoing reasons, this Court will enter a separate order GRANTING Ms. Fisher's motion for leave to file surreply, ECF 22, and GRANTING the motions to dismiss filed by Anchor Buick GMC, ECF 25, and Americredit/GM Financial, ECF 15. Because Ms. Fisher has already amended her complaint and her claims are frivolous and premised on legal theories that are not cognizable, her claims are dismissed with prejudice and the case will be closed.

February 10, 2026                                             /s/
                                                   Stephanie A. Gallagher
                                                   United States District Judge